IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CURTIS MARCOMBE, ROBERT MARQUETTE, & DON BOWDOIN, PLAINTIFFS | * * * * | CA. NO.<br><br>SECTION |
| V. | * * * | MAGISTRATE |
| BELLSOUTH CORP. & AT&T INC., DEFENDANTS | * * * | |

## PLAINTIFFS' ORIGINAL COMPLAINT

THE ORIGINAL COMPLAINT of PLAINTIFFS CURTIS MARCOMBE, ROBERT MARQUETTE, and DON BOWDOIN, respectfully represents that:

1.

Plaintiff Curtis Marcombe is a person of the full age of majority and domiciled in Jefferson Parish, Louisiana.

2.

Plaintiff Robert Marquette is a person of the full age of majority and domiciled in St. Tammany Parish, Louisiana.

3.

Plaintiff Don Bowdoin is a person of the full age of majority and domiciled in Jefferson Parish, Louisiana.

4.

AT&T, Inc. ("AT&T") a corporation with its principal place of business in Dallas, Texas is made Defendant herein.

5.

Bellsouth Corp. ("Bellsouth"), a corporation with its principal place of business in Atlanta, Georgia is made Defendant herein.

6.

The Court has jurisdiction over this matter as Plaintiffs' claims arise under Federal laws, The Age Discrimination in Employment Act ("ADEA"), 29 USC Sections 621-634.

7.

Venue is proper in the Eastern District of Louisiana because a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

8.

At the time of the violations alleged herein, Defendants fell within the definition of "employer" in 29 U.S.C. Section 630 (b).

9.

Plaintiffs were each employed by Bellsouth for over thirty years when they accepted retirement severance packages in 2004.

10.

Following Hurricane Katrina in 2005, Bellsouth rehired Plaintiffs as Facility Technicians.

11.

In the Fall of 2006, Bellsouth told Plaintiffs that the were being laid off.

12.

In January, 2007, Plaintiff's responded to Bellsouth advertisements for help wanted in "Outside Technical Positions."

13.

After receiving and reviewing his submission in response to the ads, Bellsouth's hiring agent told Mr. Marcombe that she was trying to fill 40 openings, but only 12 of more than 1000 applicants were qualified.

14.

Following their submission of applications for the advertised positions, Bellsouth or AT&T Inc. human resources agents told the Plaintiffs that they were not required to take certain application tests due to their prior positions at Bellsouth.

15.

Over the weeks following his application in January, 2007, Mr. Marcombe was asked by AT&T and/or Bellsouth human resources agents to submit an authorization for a background check and another application, and he complied.

16.

While Plaintiff's waited for Bellsouth and/or AT&T to inform them of the next step

in the hiring process, Bellsouth and/or AT&T continued to advertise the same job openings through various on-line job searching websites.

17.

Eventually, Mr. Marcombe inquired about his job application with a member of local Bellsouth management who informed him that the company "is hiring young guys instead of you."

18.

Defendants refused to hire Plaintiffs and hired younger, less qualified individuals because of Plaintiff's age (over 40).

19.

Prior to their layoffs in the Fall of 2006, AT&T bought Bellsouth. During the time that Plaintiffs were applying for the Outside Technical Positions, AT&T was reorganizing and asserting control over Bellsouth hiring practices.

20.

Upon information and belief, AT&T has a policy against re-hiring people who previously accepted a severance package from the company. This policy has a disparate impact on people over 40 years old and has resulted in Defendants' denial of employment to Plaintiffs.

21.

Bellsouth is 100% owned and controlled by AT&T, and the companies share common ownership and control, utilize common human resources and hiring support staff, policies, procedures, web sites, and other facilities used in the hiring process. AT&T and Bellsouth thus constitute joint employers under the Age Discrimination in Employment Act.

22.

Prior to filing an EEOC charge, Plaintiffs asked Defendants to identify the persons who were hired into the Outside Technical Positions instead of Plaintiffs and to provide those other persons' dates of birth, dates of application, and dates when they were notified that they were hired. Defendants did not provide this information to Plaintiffs.

23.

On October 1, 2007, Plaintiff Curtis Marcombe filed an EEOC Charge against AT&T and Bellsouth on behalf of himself, Don Bowdoin, Robert Marquette, and all other similarly situated employees alleging age discrimination in the denial of their January 2007 applications.

24.

The EEOC never sought to interview Mr. Marcombe, Mr. Bowdoin, or Mr. Marquette, and never requested any additional information from them.

25.

Defendants never provided the EEOC with any information or business records regarding the persons who were hired into the Outside Technical Positions instead of Plaintiffs, and never provided those other persons' dates of birth, dates of application, or the dates when they were notified that they were hired.

26.

Defendant's conduct, as described in the paragraphs above, constitutes unlawful employment practices under the Age Discrimination in Employment Act, 29 U.S.C. Section 621-634, and Plaintiffs assert a claim under those statutes.

27.

As a result of Defendant's illegal conduct, Plaintiffs have suffered mental anguish, embarrassment, humiliation, emotional distress, loss of enjoyment of life, inconvenience, and additional job search expenses. Plaintiffs have also suffered a loss of past and future wages and benefits.

28.

Plaintiffs have fulfilled all administrative and statutory prerequisites to bringing this suit. A copy of the Right to Sue, received November 29, 2011 is attached hereto as Exhibit A.

29.

Defendants' illegal actions were committed with malice and reckless disregard for the rights of Plaintiffs.

JURY DEMAND

30.

Plaintiffs demands a jury trial on all triable issues of fact.

PRAYER FOR RELIEF

31.

WHEREFORE, Premises Considered, Plaintiffs prays for a judgment of this Court finding Defendants in violation of the above-pleaded statutes, compensating Plaintiffs for past and future lost wages, past and future lost employment benefits, mental pain and anguish, physical harm, embarrassment, loss of enjoyment of life, inconvenience, and additional job search and relocation expenses, and granting Plaintiffs punitive damages, attorneys fees, interest, costs of court, and any further relief that they are entitled to under law or equity.

    Respectfully Submitted,
    The Law Office of Alan Kansas, LLC

    __s/Alan Kansas_____
    ALAN F. KANSAS, BAR #27725
    1801 Carol Sue Ave.
    Terrytown, LA 70056
    (504) 210-1150
    FAX (504) 617-6525